The Honorable John W. Parkerson State Representative 300 Exchange, Suite A Hot Springs, AR 71901
Dear Representative Parkerson:
This is in response to your request for an opinion on several questions concerning conflict of interest laws in Arkansas. Your questions are restated and answered below in the order posed.
 1. May Advertising and Promotion Commission members who are also Chamber of Commerce Executive Committee members vote on awarding a contract for services to the Chamber?
Please note that I have enclosed a copy of Attorney General Opinion Number 86-267, which I believe will offer guidance in addressing this question. If the primary benefit of the Commission member's action flows to another with no distinct pecuniary interest to the member, it may reasonably be concluded that the member need not disqualify from voting on the matter. If, however, the contract gives rise to a pecuniary interest of a Commissioner that is distance from the public interest, a prohibited conflict of interest may result. The specific facts and circumstances of each situation must, of course, be considered in order to make this determination.
 2. To what extent are members of City Boards, Commission and Committees prohibited from voting in situations where such members may also hold office on not for profit organizations and such organizations conduct business with the City?
See discussion above, and A.G. Op. No. 86-267 (copy enclosed).
 3. Does [A.C.A. 14-47-137] prevent a member of any City Board, Commission or Committee from conducting private business with another agency of the City? For example, may a fuel supplier who is also a member of the City's Airport Commission sell fuel to the City General Fund (e.g. street department) on a competitive quote basis as any other fuel supplier. Also, could a firefighter, who owns and operates his own private plumbing company, contract to do plumbing work for the City Parks Department?
Section 14-47-137, pertaining to cities operating under the management form of government, stated in pertinent part:
 (a)(1) No officer or employee elected or appointed in any city shall be interested, directly or indirectly, in any contract or job for work or materials, or the profits thereof, or service for the city unless the board of directors of the city shall have enacted an ordinance specifically permitting an officer or employee to conduct business with the city and prescribing the extent of this authority.
 (2) This prohibition shall not apply to contracts for the furnishing of supplies, equipment, or services to be performed for a municipality by a corporation in which no officer holds any executive or managerial office, or by a corporation in which a controlling interest is held by stockholders who are not officers or employees.
If there is no ordinance specifically permitting the officer or employee to conduct the business with the city, it appears that the answer to each part of your third question is "yes". An exception would, however, exist notwithstanding the absence of such an ordinance if the supplies or equipment are to be furnished or the services performed by a corporation in which no municipal officer holds any executive office or if a controlling interest in the corporation is held by stockholders who are not city officers or employees. See generally A.G. Op. No. 90-132 (copy enclosed).
 4. May the City adopt an ordinance granting approval for all officers and employees to conduct business with the City in a manner and on the same basis as all others conducting business with the City? Does the language of 14-47-138 require that the ordinance must be specific to each individual officer of employee by name?
In my opinion, the relevant language of Section 14-47-137
suggests that the answer to the first part of this question is "no". Subsection (a)(1) of 14-47-137 outlines the prohibited conduct and then authorizes an exception where "the board of directors of the city shall have enacted an ordinance specifically permitting an officer or employee to conduct business with the city and prescribing the extent of this authority." Although this language is not absolutely clear, the requirement that the ordinance shall "specifically" permit "an officer or employee" to conduct business with the city reflects legislative intent in favor of a case-by-case determination. It is also significant to note the difference between this language and that of A.C.A.14-42-107 which provides for an exception where the city enacts an ordinance "specifically permitting aldermen or council members to conduct business with the city . . ." A.C.A.14-42-107(b)(1) [emphasis added].
Resort to the title of the act may also be appropriate in the instance, to the extent any doubt in interpretation remains. See generally City of Fort Smith v. Brewer, 255 Ark. 813,502 S.W.2d 643 (1973). Section 14-47-137(a)(1) is part of the codification of Section 2 of Act 650 of 1983. The title to Act 650 states that it is an act:
 . . . to Amend [A.C.A. 14-47-115 and 14-47-137] to Allow Directors, Mayors and Other City Officers and Employees to Be Interested In Contracts Made with the City in Certain Limited Instances. [Emphasis added.]
Section 14-47-115 similarly prohibits directors' interest in any contracts made with the city unless the board of directors enacts an ordinance "specifically permitting a director to conduct business with the city. . . ." The above title appears to resolve any doubts as to the board's authority to enact an across-the-board exception for all officers and employees. The title indicates, instead, that the legislature intended for the exception to occur only "in certain limited instances.
With regard to the second part of this question involving A.C.A. 14-47-138, it must be noted that the competitive bidding requirement may be waived only "in exceptional situations" where the required procedure is not feasible. A.C.A. 14-47-138(b). This Code section goes on to state:
 "[B]ut lacking such exceptional situations, the board may not except any particular contract, purchase, or sale from the requirement of competitive bidding." ID. [Emphasis added].
The exception is thus focused upon "particular" contracts, purchases, or sales. There appears, however, to be no requirement that any individual involved in the purchase or contract be named.
 5. Are members of an advisory committee appointed officers under 14-47-137? The city has established certain advisory committees by its own initiative which are not operating pursuant to independent authority granted by any state law but which are appointed for the purpose of assisting the city manager and board of directors in making recommendations in certain areas of expertise.
A conclusive response to this question would require consideration of the facts and circumstances surrounding each position. As a general matter, however, it may reasonable be concluded that Section 14-47-137 encompasses anyone who holds an appointive position or employment in the pay of the city. See generally A.C.A. 14-47-135. The term "officer" under Section 14-47-137 probably also includes the members of every city board, authority, or commission, whether the board, authority, or commission was established by statute or local ordinance. See generally A.C.A. 14-47-108(a)(2)(C). If the committee member is one whose term of employment and compensation are set by the board of directors under A.C.A.14-47-131, the prohibitions under Section 14-47-137 also reasonably apply. And, finally, since all officers and employees of cities reorganized under A.C.A. 14-47-101 et seq. must be bonded, the existence of a performance bond would be a factor in determining whether the particular advisory committee member is an officer for purposes of Section 14-47-137.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:lm
[See Opinion No. 86-267 dated 8/18/87 and Opinion No. 90-132
dated 5/11/90]